**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                   No. CIV 10-0030 JB/WDS
                                                                                   CR 05-0920 JB

LEOBARDO MORALES-RAMIREZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Show Cause, filed February 1, 2010 (CIV Doc. 4)("Response"), which was filed in response to the Court's Order, filed January 13, 2010 (CIV Doc. 3). The Court's Order directed Defendant Leobardo Morales-Ramirez to show why his Petition for Habeas Relief Under 28 USC § 2255 on Motion to Set Aside, Vacate or Correct Sentence, filed January 11, 2010 (CIV Doc. 1; CR Doc. 163)("Petition"), should not be dismissed as untimely. Also before the Court is Morales-Ramirez' Motion for Return of $3100.00, filed April 13, 2010 (CIV Doc. 5). The Court will dismiss Morales-Ramirez' Petition and will order the Plaintiff United States of America to respond to the Motion for Return of $3100.00.

As noted in the Court's January 13, 2010 Order, Morales-Ramirez filed his Petition on January 11, 2010, more than two years after the United States Court of Appeals for the Tenth Circuit affirmed the judgment in this criminal proceeding. See CR Doc. 161. In his Response, Morales-Ramirez asserts his innocence as grounds for equitable tolling of the applicable one-year limitation period. He cites cases for the asserted proposition that, even though he did not raise his § 2255 claims on appeal, his innocence requires the Court to accept his motion as timely. Morales-Ramirez contends that he is innocent under the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000),

which rendered his sentence unconstitutional, and because the Court lost "subject matter jurisdiction of the presentencing report." Response at 3.

Initially, Morales-Ramirez concedes in his Response that he filed his Petition after the applicable one-year limitation period expired. He asserts that, under the "delay" and "prejudice" factors in rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the running of the limitation period should be tolled. In 2004, however, after Congress amended § 2255 by enacting a one-year limitation period, the Supreme Court deleted rule 9(a). See 28 U.S.C. § 2255(f); § 2255 R. 9 advisory committee's note on 2004 Amendments. The Court now evaluates timeliness under the statutory limitation period and judicial interpretation of the statute.

Even though § 2255(f) now contains a limitation period, a defendant may still bring a claim of lack of subject-matter jurisdiction or innocence after the one-year period. See United States. v. Burch, 169 F.3d 666, 668 (10th Cir. 1999); United States v. Garcia, No. 01-2163, 2001 WL 1632546, at *2 (10th Cir. Dec. 20, 2001)(citing Bousley v. United States, 523 U.S. 614, 623-24 (1998)). Stated otherwise, "a conviction should be reversed without need to show cause for a procedural default, where a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Camacho v. United States, 204 F. Supp. 2d 667, 672 (S.D.N.Y. 2002) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). On the other hand, as noted in one of the cases that Morales-Ramirez cites in his Response, "[i]n order to establish a valid claim of actual innocence, a defendant must show factual innocence." McNeal v. United States, 249 F.3d 747, 749-50 (8th Cir. 2001). The Court weighs Morales-Ramirez' tolling argument under these standards.

Here, the grand jury indicted Morales-Ramirez for possessing with intent to distribute over one kilogram of a mixture containing heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The statutory maximum sentence for this offense is life imprisonment. See § 841(b)(1)(A)(i). Morales-

Ramirez does not allege that he did not commit the charged conduct; instead, he argues that, under Apprendi v. New Jersey, his indictment was defective. As the United States Court of Appeals for the Seventh Circuit concisely stated:

> [Defendant] insists . . . the amount specified in the indictment constrains the district court at sentencing. In a general sense, this proposition is correct, but it does not help [Defendant]. After *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any fact that increases the statutory maximum sentence must be proven to a jury beyond a reasonable doubt or admitted by the defendant. But when a judge imposes a sentence below the statutory maximum, he may do so based on facts found by a preponderance of the evidence. As we have repeatedly explained, *Apprendi* has no application to cases like this one where the sentence is below the statutory maximum.

United States v. Abdulahi, 523 F.3d 757, 760 (7th Cir. 2008). See United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001). The Court imposed a sentence lower than the statutory maximum, and thus Morales-Ramirez' argument under Apprendi v. New Jersey fails to establish that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. This argument provides no support for relief based on alleged actual innocence.[1]

Morales-Ramirez also contends that the Court lost subject-matter jurisdiction of this criminal proceeding. As grounds, he alleges that his Presentence Investigation Report, disclosed April 21, 2006 ("PSR"), "contains constitutional errors based on recent Supreme Court's line of rulings requiring re-sentencing," Response at 3, and he refers to his Objections to the PSR, see Minutes of Sentencing Hearing, filed September 4, 2006 (Doc. 151)(noting disputed PSR, noting the Court adopted the PSR, and referring to Morales-Ramirez' Response to 21 U.S.C. § 851 Information as Objections). The Court assumes, for purposes of this Memorandum Opinion and Order only, that

---

[1] The Court notes that the Supreme Court's more recent decision in United States v. Booker, 543 U.S. 220 (2005), does not alter this analysis. See United States v. Stiger, 413 F.3d 1185, 1192 (10th Cir. 2005).

the PSR contained erroneous analysis and recommendations, contributing to imposition of an illegal sentence. Nonetheless, an illegal sentence does not render a guilty defendant innocent, see Robinson v. Ledezma, No. 10-6123, 2010 WL 4159461, at *2 n.3 (10th Cir. Oct. 14, 2010), and the Court did not lose subject-matter jurisdiction. This argument does not support tolling of the limitation period applicable to the Morales-Ramirez' Petition. Morales-Ramirez' Response to the Court's Order fails to establish the timeliness of his Petition, and he is not entitled to relief. See 28 U.S.C. § 2255 R. 4(b). The Court will dismiss the Petition.

Furthermore, *sua sponte* under rule 11 of the Rules Governing Section 2255 Proceedings, the Court determines that the Defendant has failed to make a substantial showing of denial of a constitutional right. The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that: (i) Defendant Morales-Ramirez' Petition for Habeas Relief Under 28 USC § 2255 on Motion to Set Aside, Vacate or Correct Sentence, filed January 11, 2010 (CIV Doc. 1; CR Doc. 163), is dismissed with prejudice as untimely filed; a certificate of appealability is denied; and final judgment will be entered; (ii) the Clerk is directed to enter on the criminal docket the Motion for Return of $3100.00, filed April 13, 2010 (CIV Doc. 5); (iii) all future filings relating to the Motion for Return of $3100.00 must be captioned in criminal case No. CR 05-0920 JB only; (iv) the Clerk is directed to forward to the United States Attorney a copy of the Motion for Return of $3100.00 and supporting papers and exhibits, if any, together with a copy of this Order; and (v) within fourteen days from entry of this order, the United States shall respond to the Motion for Return of $3100.00.

                                                                                              _____

                                                                                               UNITED STATES DISTRICT JUDGE

*Parties:*

Leobardo Morales-Ramirez
  Federal Correctional Institution -- LOMPOC
Lompoc, California

      *Plaintiff pro se*